## SETTLEMENT AGREEMENT AND RELEASE

LAURIE SMITH ("Smith"), on the one hand, and NETWORK ALIGNMENT & BRAKES, INC., an Arizona corporation (the "Company"), SEAN WEBSTER and STACEY WEBSTER, husband and wife, SCOTT WEBSTER and SUZY WEBSTER, husband and wife (collectively "Network"), on the other hand, enter into this Settlement Agreement and Release (the "Settlement Agreement").

WHEREAS, Smith's employment with the Company ended on July 26, 2015; and

WHEREAS, on or about August 31, 2015, Smith filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") identified as Charge No. 540-2015-03163 (the "Charge"), alleging sex discrimination under Title VII of the Civil Rights Act of 1964 in connection with Smith's employment with and termination from the Company; and

WHEREAS, on or about September 1, 2015, Smith filed a lawsuit against Network in the United States District Court for the District of Arizona, Civil Action No. CV15-01740 PHX-DLR, in which she alleged violations of the Fair Labor Standards Act of 1938, and seeks to recover back wages, liquidated damages, and her reasonable attorneys' costs and fees ("the Action"); and

WHEREAS, neither the Court nor the EEOC has made any finding as to the merits of Smith's claims or allegations of the Action or the Charge; and

WHEREAS, Smith and Network have engaged in negotiations with the participation of legal counsel and now desire that all matters in dispute between them be terminated and resolved without further legal proceedings, thereby avoiding the inconvenience, expense, uncertainty, and risk involved in further litigation;

NOW, THEREFORE, in consideration of the promises and covenants contained in this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the parties, the parties agree as follows:

1. <u>Consideration</u>. In consideration for signing this Settlement Agreement and in full and complete settlement of Smith's claims, including any and all associated fees, costs, interest or other damages or penalties, Network agrees to pay to Smith the sum of $9,000.00 (the "Settlement Amount") as follows:

    a. Network shall make a payment of $3,000, less taxes and withholdings, as back wages to Smith;

    b. Nework shall make a payment of $3,000 as liquidated damages to Smith; and

    c. Network shall make a payment of $3,000 to the law firm of Phillips Dayes, P.C.



The three (3) above payments shall be due within three (3) business days after the Court's Order approving this Agreement ("the Effective Date").

2. <u>Indemnification</u>. A W-2 form will be issued to Smith for the settlement sum paid as back wages of Three Thousand Dollars and no cents ($3,000.00) pursuant to Paragraph 1(a). Regarding the payments pursuant to Paragraphs 1(b)&(c), 1099 forms will be issued to Smith and Phillips Dayes, P.C.. Smith understands and agrees that she bears sole and complete responsibility for any and all federal, state, and local taxes, penalties, and interest upon the settlement sum paid to her pursuant to Paragraph 1 above. Smith agrees to fully indemnify and defend Network and hold them harmless in the event any federal, state, or local taxing authority asserts that Smith failed to pay any such taxes, penalties, and interest. Smith acknowledges that neither Network nor Network's agents, attorneys, or representatives has made any representations concerning taxability, non-taxability, or tax consequences, if any, of the settlement sum paid.

3. <u>No Consideration absent Execution of this Settlement Agreement</u>. Smith understands and agrees that she would not receive the monies and other consideration specified in this Settlement Agreement, except for her execution of this Settlement Agreement and the fulfillment of the promises contained herein. Smith further acknowledges and agrees that she is not otherwise entitled to receive the consideration specified in Paragraph 1 above under any benefit plan or any Company policy, practice, or procedure.

4. <u>General Release of Claims by Smith</u>. Smith knowingly and voluntarily releases and forever discharges Network Alignment & Brakes, Inc., Sean Webster and Stacey Webster, husband and wife, and Scott Webster and Suzy Webster, husband and wife, and their heirs, representatives, predecessors, successors and assigns, and the current and former employees, officers, directors, attorneys, and agents of the Company (collectively the "Released Parties") of and from any and all claims, known and unknown, which against the Released Parties, Smith, her heirs, executors, administrators, successors, and assigns have or may have as of the date of execution of this Settlement Agreement, including, but not limited to, any claim:

a. Arising under the Fair Labor Standards Act (29 U.S.C. § 201 et seq.), 42 U.S.C. §§ 1981-1988, Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e) et seq.), the Civil Rights Act of 1991, the Equal Pay Act, the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 et seq.), the Consolidated Omnibus Budget Reconciliation Act (29 U.S.C. § 1161 et seq.) ("COBRA"), the National Labor Relations Act (29 U.S.C. § 151 et seq.), the Occupational Safety and Health Act (29 U.S.C. § 651 et seq.), the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.), the Arizona Civil Rights Act (A.R.S. § 41-1401 et seq.), the Arizona Employment Protection Act (A.R.S. § 23-1501), Arizona's Constructive Discharge Statute (A.R.S. § 23-1502), Arizona's wage payment laws (A.R.S. § 23-350 et seq.) any amendments to any of the foregoing statutes, or under any other federal, Arizona or local law (whether statute, regulation, ordinance, or other) including any amendments thereto; and

b. Arising under any provision of the state or federal Constitutions; and

c. Arising under Arizona common law; and

    d. Based upon any alleged discrimination, harassment, retaliation, violation of civil rights, or personal injury; and

    e. Based upon any alleged covenant of good faith and fair dealing, conspiracy, implied or express contract, wrongful discharge, promissory estoppel, equitable estoppel, employee benefit, violation of public policy, negligent or intentional infliction of emotional distress, defamation, false light, compelled self-publication, fraud, misrepresentation, invasion of privacy, assault, battery, tortious interference with a contract, tortious interference with a business relationship, benefit, or economic interest, negligent retention, negligent hiring, negligent supervision, negligence, negligent misrepresentation, gross negligence, loss of consortium, equity or any intentional or other tort; and

    f. Arising out of the Company's personnel practices, policies, or procedures; and

    g. Arising out of or relating to Smith's employment or the initiation, existence or cessation of Smith's employment with the Company, including any claims for salary, wages, back wages, severance pay, vacation pay, sick pay, bonuses, overtime, and any other compensation or benefit of any nature; and

    h. Arising out of any statements or representations to or about Smith; and

    i. Arising out of any other wrong, injury or loss allegedly suffered by Smith; and

    j. For attorneys' fees, costs, or other expenses.

  5. <u>Dismissal of the Action</u>. The parties agree that the Action will be dismissed upon the Court's approval of the Settlement Agreement and signature on the proposed form of Order attached hereto as <u>Exhibit "A"</u>. Except as otherwise specified in paragraph 1, the parties agree to bear their own costs and attorneys' fees.

  6. <u>Withdrawal of Charge</u>. Within three (3) business days of the execution of this Agreement, Smith agrees to contact the EEOC and to take all necessary steps to withdraw the Charge and provide Network with a copy of the submitted Request for Withdrawal of Charge of Discrimination for the above referenced Charge.

  7. <u>No Claims Exist</u>. Smith confirms that other than the Action and Charge she has not filed, caused to be filed, or is a party to any legal or administrative claim, charge, complaint, or action against the Company, or its owners, officers, directors, or employees, relating to her employment termination thereof, in any forum or form, other than the Action. To the extent permitted by law, and/or unless required by law, Smith agrees that she will not induce or file any future claim relating to her employment or the termination thereof against the Company or its owners, officers, directors, or employees. In the event that any such claim, grievance, charge, complaint, or legal action is filed, Smith shall not be entitled to recover any damages or relief there from, including costs and attorneys' fees. Smith acknowledges that she is the sole owner of all claims released herein and that she has not assigned any interest in her claims in the Action or any

claims released by this Settlement Agreement to any person or entity.

8. Return of Confidential Documents. By signing this Agreement, Smith represents that she has no confidential or proprietary information or documents of Network in her possession, in any form or format, and any such information and/or documentation that she did possess, or have access to, have been returned to Network or are no longer in her possession or control.

9. Confidentiality. The parties agree not to disclose or cause any other person to disclose to third parties, the terms of this Agreement or the negotiations leading up to it; provided, however, that the parties have the right to disclose the terms of this Settlement Agreement to their spouses, if applicable, financial/tax advisors and attorneys, in response to a governmental inquiry, including a governmental tax audit or a judicial subpoena, or as otherwise required by law. The parties agree that neither this Settlement Agreement nor any version of it will be admissible in any forum as evidence against either party except in a proceeding to challenge or enforce this Settlement Agreement.

10. Employment Inquiries. Smith shall direct all inquiries from her prospective employers or any other inquiries regarding her employment at the Company to Scott Webster, President. In response to such inquiries, Scott Webster will provide only Smith's job title and the total time that she worked for the Company. Smith authorizes disclosure of this information.

11. Governing Law and Interpretation. This Settlement Agreement shall be governed and conformed in accordance with the laws of the State of Arizona without regard to its conflict of laws provision. Should any provision of this Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Settlement Agreement in full force and effect.

12. Non-admission of Wrongdoing. The parties agree that neither this Settlement Agreement nor the furnishing of the consideration for this Release shall be deemed or construed at any time for any purpose as an admission of any liability or unlawful conduct of any kind.

13. Amendment. This Settlement Agreement may not be modified, altered or changed except upon express written consent of all parties wherein specific reference is made to this Settlement Agreement.

14. Entire Agreement and Release. This Settlement Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Smith acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Settlement Agreement, except for those set forth in this Settlement Agreement.

15. Arms-Length Negotiations. The parties acknowledge that this Settlement Agreement was a product of arms-length negotiations and that all parties were represented by counsel who fully advised each of them on the terms of this Settlement Agreement. The parties further acknowledge that based upon the arms-length negotiations, the rule of construing any ambiguous or unclear provision against the drafter shall not apply.

16. <u>Advice of Counsel</u>. Smith acknowledges that she was advised by counsel in the Action, that she had advice and assistance of her counsel in entering into this Settlement Agreement, that she has fully reviewed this Settlement Agreement with her counsel, and that she fully understands all terms. Network was also advised by counsel throughout the Action and in entering into this Settlement Agreement.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND OTHER BENEFITS SET FORTH ABOVE, LAURIE SMITH FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST NETWORK ALIGNMENT & BRAKES, INC., AN ARIZONA CORPORATION, SEAN WEBSTER AND STACEY WEBSTER, SCOTT WEBSTER AND SUZY WEBSTER.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement as of the date set forth below.

MAY BE EXECUTED in multiple originals.

*[SIGNATURES FOLLOW ON NEXT PAGE]*